IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRUCE G. SCHOGGEN, | ) | CIV. No. 07-00149 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING SCHOGGEN'S |
| | ) | PETITION TO CONFIRM |
| vs. | ) | ARBITRATION AWARD AND DENYING |
| | ) | COUNTERMOTION TO VACATE |
| HAWAII AVIATION CONTRACT | ) | ARBITRATION AWARD |
| SERVICES; JAPAN AIRLINES; | ) | |
| JALWAYS CO., LTD., a | ) | |
| subsidiary of Japan Airlines; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING SCHOGGEN'S PETITION TO CONFIRM ARBITRATION AWARD
AND DENYING COUNTERMOTION TO VACATE ARBITRATION AWARD

I.      INTRODUCTION.

Plaintiff Bruce G. Schoggen is a pilot for Japan Airlines.  After a two-day arbitration, the arbitrator, having determined that Hawaii Aviation Contract Services ("HACS") had breached its employment contract, awarded Schoggen damages and various fees and expenses.  Schoggen timely filed the present petition to confirm the arbitration award.  HACS filed a countermotion to vacate the arbitration award.  Because HACS fails to demonstrate any reason to vacate the arbitration award, the court grants Schoggen's petition to confirm the award and denies HACS's countermotion to vacate the award.

II.       BACKGROUND.

On December 2, 2004, Schoggen filed suit in this court against HACS, Japan Airlines, and Jalways, Co., Ltd.  See Complaint (Dec. 2, 2004), Civ. No. 04-00707 DAE/LEK.  That complaint alleged that, on January 23, 1993, Schoggen had entered into a "Pilot Contract" with HACS.  Under that contract, Schoggen was to fly DC-10 planes for Japan Airlines.  Id. ¶¶ 9-10.  The contract was to be renewed automatically unless Schoggen notified HACS in writing a year in advance that he was terminating the contract.  Id. ¶ 12.  Schoggen alleged that he was medically cleared to fly, but that HACS terminated his employment because the Japan Civil Aeronautical Bureau had not issued Schoggen a medical certificate allowing him to fly into and out of Japan after the age of 60.  Id. ¶¶ 32, 40.  Schoggen alleged that this was a pretextual reason for his termination, and asserted claims for violations of the Age Discrimination in Employment Act and section 378-2 of Hawaii Revised Statutes (Count I), violations of the Americans with Disabilities Act and section 378-2 of the Hawaii Revised Statutes (Counts II and III), breaches of contract (counts IV and V), intentional interference with economic relations (count VI), intentional infliction of emotional distress (count VII), and punitive damages (Count VIII).

On May 17, 2005, Judge David Alan Ezra granted Schoggen's motion to compel arbitration.  See Order Granting

Plaintiff's Motion to Compel Arbitration (May 17, 2005), Civ. No. 04-00707 DAE/LEK.

A two-day arbitration was held before E. John McConnell, who had been selected by both parties and appointed by AAA as the arbitrator. See Declaration of David F. Simons (March 20, 2007) ¶ 5. Although the original complaint asserted eight causes of action, it is undisputed that Schoggen only asked the arbitrator to determine whether HACS had to reinstate Schoggen's contract, give him back pay, and take all necessary steps to allow Schoggen to resume his duties as a HACS pilot. Schoggen asked the arbitrator to award front pay if HACS did not obtain a waiver allowing him to fly. He also asked the arbitrator to award attorney's fees and costs. See Claimant Bruce Schoggen's Arbitration Brief (attached to HAC's Opposition and Countermotion as Ex. B).

HACS says that the arbitrator improperly asked irrelevant questions concerning whether HACS was owned or controlled by Japan Airlines. HACS says that the arbitrator was informed that HACS was 100% owned and controlled by Alexander "Blackie" Bell. HACS says that, notwithstanding that answer, the arbitrator "revisited the issue," asking whether there was any potential agency relationship between HACS and Japan Airlines. See Opposition and Countermotion at 5; Transcript of Arbitration (Sept. 26-27, 2006) at 171, 246. In a post-hearing brief to the

arbitrator, Schoggen argued that HACS would have to indemnify Japan Airlines.

On November 13, 2006, the arbitrator issued a partial award in favor of Schoggen, determining that HACS had breached the Pilot Contract and awarding $197,667.00 to Schoggen. See Partial Final Award of Arbitrator (Nov. 13, 2006). On January 10, 2007, the arbitrator issued a second partial award, awarding Schoggen $51,475.45 in attorney's fees. See Second Partial Final Award of Arbitrator (Jan. 10, 2007). On March 5, 2007, the arbitrator denied Schoggen's request for front pay, and ordered HACS to pay $1,350.00 in administrative fees and expenses, as well as $5,544.65 in arbitrator fees and expenses. See Final Award of Arbitrator (March 5, 2007).

The arbitrator did not discuss the relationship between HACS and Japan Airlines in any of his awards. Nor did the arbitrator note whether HACS would be indemnified by Japan Airlines, or vice versa.

III.     ANALYSIS.

The parties agree that the Federal Arbitration Act, 9 U.S.C. §§ 9, 10, under which the present petition was filed, governs whether this court should confirm or vacate the arbitration award. Even when a petition is filed pursuant to the Federal Arbitration Act, however, a petitioner seeking to confirm an arbitration award in this court must establish an independent

4

basis for federal jurisdiction.  See Carter v. Health Net of Cal., Inc., 374 F.3d 830, 833 (9th Cir. 2004).  In this case, this court has diversity jurisdiction under 28 U.S.C. § 1332, as there is no dispute that the parties are diverse or that the amount in controversy exceeds $75,000.

"Arbitration offers flexibility, an expeditious result, and is relatively inexpensive when compared to litigation." Schoenduve Corp. v. Lucent Techs., Inc.  442 F.3d 727, 731 (9th Cir. 2006).  "To protect the overall purpose of arbitration and avoid any tendency of a court to impute its own strict and rigid practices onto arbitration proceedings, Congress has limited the ability of federal courts to review arbitration awards."  Id. This court's review of an arbitration decision is therefore "limited and highly deferential."  Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1132 (9th Cir. 2003).  This court "may vacate an arbitration award only if the conduct of the arbitrators violated the Federal Arbitration Act . . . or if the award itself is 'completely irrational' or 'constitutes manifest disregard of the law.'"  Id.  Under the Federal Arbitration Act, the Arbitration Award must therefore be confirmed if the arbitrator even arguably construed or applied the law and acted within the scope of his authority. See United Food & Commercial Workers Int'l Union v. Foster Poultry Farms, 74 F.3d 169, 173 (9th Cir. 1995); 9 U.S.C. § 10(a)(4) (court may vacate an

arbitration award "where the arbitrators exceeded their powers"). "The scope of the arbitrator's authority is determined by the contract requiring arbitration as well as by the parties' definition of the issues to be submitted in the submission agreement." Schoenduve, 442 F.3d 727, 732 (9th Cir. 2006).

HACS argues that this court should vacate the Arbitration Award because the arbitrator exceeded his "powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."[1] 9 U.S.C. § 10(a)(4). Yet, HACS does not identify any part of the arbitration awards that actually exceeded the arbitrator's authority. Instead, HACS argues that the awards were tainted because the arbitrator asked a couple of questions in the two-day arbitration about the relationship between HACS and Japan Airlines and because Schoggen argued in a post-hearing brief that Japan Airlines would be indemnified by HACS. HACS therefore surmises that "the arbitrator was searching to assure himself that JAL's financial resources would bear the burden of the award." Opposition and Countermotion at 10. This argument is based on pure supposition and conjecture. At best, HACS argues

---

[1] In HACS's Opposition and Countermotion, HACS also argues that the arbitration award should be vacated because of evident partiality of the arbitrator. See Opposition and Countermotion at 1. However, in its reply in support of the Countermotion, HACS clarifies that it is not arguing evident partiality. See Reply Brief in Support of Countermotion (June 18, 2007) at 2.

that "one is left to wonder how the otherwise irrelevant information about a possible indemnification . . . affected the arbitrator's decision." Id. at 9. HACS submits no evidence that the answers to the arbitrator's questions about the relationship between HACS and Japan Airlines actually affected the awards. Nothing in the awards indicates that the relationship between HACS and Japan Airlines had any impact on the awards.

Because HACS fails to demonstrate that the arbitrator exceeded his "powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made," 9 U.S.C. § 10(a)(4), the court grants Schoggen's petition to confirm the arbitration award.[2]

---

[2]In his reply in support of the petition, Schoggen asks for an award of prejudgment interest. Schoggen has since abandoned that request. See Reply Brief in Response to Judge Mollway's Request for Supplemental Briefing (June 27, 2007) at 2 ("Mr. Schoggen hereby withdraws his request for prejudgment interest").

7

IV. CONCLUSION.

For the foregoing reasons, this court grants Schoggen's petition to confirm the arbitration award. The court denies HACS's countermotion to vacate the arbitration award. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 29, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Schoggen v. Hawaii Aviation Contract Services, Civ. No. 07-00149 SOM/KSC; ORDER GRANTING SCHOGGEN'S PETITION TO CONFIRM ARBITRATION AWARD AND DENYING COUNTERMOTION TO VACATE ARBITRATION AWARD